In the Matter of the Estate of HARVEY SNIDE, Deceased. ROSE SNIDE, Respondent; DAVID W. JOHNSON, as Guardian ad Litem of DAVID SNIDE, Appellant.

Third Department, May 14, 1981

### APPEARANCES OF COUNSEL

*David W. Johnson* for appellant.

*Edward A. Cunningham (Samuel Lawrence Brennglass* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

When this appeal was first before us, the decree of the Surrogate's Court was reversed, on the law, on the ground that the court improperly admitted to probate purported wills of a husband and wife, identical but for the names of the spouses, each spouse having mistakenly executed the will drawn for the other (74 AD2d 930). The Court of Appeals, rejecting our analysis of a long line of New York cases, reversed and remitted the case to us for a review of the facts *(Matter of Snide,* 52 NY2d 193).

There is no dispute as to the salient facts which were found by the Surrogate to be as follows (96 Misc 2d 513, 513-514): "[T]he decedent, together with his wife, consulted an attorney with respect to drawing of a will for each of them. After discussing the details of the testamentary dispositions desired by each and determining that the

intention of each was to leave the entire estate to which-
ever should survive and, in the event that they should die
together or that the survivor should die without making a
new will, the entire estate should pass to their children, and
further, that each should be the executor of the will of the
other, the two wills were prepared by the attorney. Subse-
quently the attorney, and the decedent and his wife attended
at the home of those who signed the will as witnesses. While
gathered around the table in such home with all of those
just mentioned being present, the decedent declared that the
instrument he was about to sign was his last will and testa-
ment and asked the persons present as witnesses to witness
his execution of same. The attorney then removed an instru-
ment from a will envelope bearing the name 'Harvey Snide'
and, after turning up the first page of the will to expose
the line upon which the decedent was to affix his signature,
directed the decedent's attention to the proper place for
execution and the decedent affixed his signature thereto.
Following this the witnesses affixed their signatures, at the
testator's request, in the appropriate places beneath the
attestation clause. After this was completed, the identical
procedure occurred with respect to the instrument signed
by the decedent's wife. Through inadvertence, and by rea-
son of the failure of the attorney/scrivener to examine the
instrument removed from the envelope, the decedent affixed
his signature to the instrument which had been prepared
for execution by his wife and his wife, for the same reason,
affixed her signature to the instrument which had been pre-
pared for execution by the decedent. Except for the names
of decedent and his wife, the instruments are identical."

In accord with the opinion of the Court of Appeals *(Mat-
ter of Snide*, 52 NY2d 193, *supra)*, and upon these facts, we
now affirm the decree of the Surrogate's Court.

The decree should be affirmed, without costs.

SWEENEY, J. P., MAIN, CASEY, MIKOLL and HERLIHY,
JJ., concur.

Decree affirmed, without costs.